STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

KENT  T. STAUFFER
EXECUTIVE  DEPUTY ATTORNEY GENERAL
DIVISION OF STATE COUNSEL

LISA R. DELL
ASSISTANT ATTORNEY GENERAL IN CHARGE
LITIGATION BUREAU

November 7, 2016

**VIA ECF**
Hon. Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

Re:  ***Constant v. Annucci, et al.*, 16 Civ. 3985 (NSR)**

Dear Judge Román:

This Office represents defendants—Anthony J. Annucci, Acting Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS"), Albert Prack, former Director of DOCCS Special Housing and Inmate Disciplinary Program, William Lee, former Superintendent of DOCCS Green Haven Correctional Facility ("Green Haven"), Frederick Bernstein, M.D., Facility Health Services Director of Green Haven, Robert Bentivegna, M.D., DOCCS physician, Correction Officer ("CO") Nedzad Dapcevic, CO Ronald Cabral, CO Antonio Alban, CO Brian  Sturtevent, CO Jonathan Markwick, CO Bryan Hess, and CO Michael Vennero ("Defendants")—in the above-captioned action.  Pursuant to Your Honor's Individual Practices, Defendants respectfully request to schedule a pre-motion conference in order to make a partial motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds set forth below.[1]

Statement of Allegations

Plaintiff William Constant ("Plaintiff"), an inmate in DOCCS custody currently incarcerated at Sing Sing Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983[2] alleging that Defendants failed to protect him from an attack by another inmate, used excessive

---

[1] On November 4, 2016, the Court denied without prejudice Defendants' Partial Motion to Dismiss (filed on November 3, 2016) for failure to comply with the Court's Individual Practices § 3.A.ii.  (ECF Nos. 22-24).  We apologize for this inadvertent oversight and respectfully now seek a conference pursuant to the Court's rules.

[2] While Plaintiff mentions 42 U.S.C. § 1985(3) in the preliminary statement and jurisdiction sections, there are no discernible § 1985(3) claims made in the Complaint.  (Complaint ¶¶ 1, 2).  In the same vein, although the Complaint mentions the terms "declaratory and injunctive relief" in the preliminary statement, the Complaint is bereft of any such claims.  (Id. ¶ 1).

force, were deliberately indifferent to his serious medical needs, violated his due process rights regarding a disciplinary hearing, and subjected him to atypical and significant hardship during a one-year sentence in the Segregated Housing Unit ("SHU"). This Court should dismiss certain of Plaintiff's claims for the following reasons: (1) all claims for monetary damages against Defendants in their official capacities fail due to Eleventh Amendment immunity, (2) all claims against Commissioner Annucci, Superintendent Lee, and Director Prack fail for not adequately pleading personal involvement, and (3) Commissioner Annucci, Superintendent Lee, and Director Prack are entitled to qualified immunity.

Defendants' Bases for their Anticipated Partial Motion to Dismiss

### I.   All Claims for Monetary Damages Against Defendants in their Official Capacities are Barred by the Eleventh Amendment

Plaintiff brings claims under 42 U.S.C. §1983 for monetary damages against all Defendants in both their official and individual capacities. (Complaint ¶ 6). It is well settled, however, that the Eleventh Amendment bars a suit against a state officer or employee in his official capacity for monetary damages under § 1983. See, e.g., Hafer v. Melo, 502 U.S. 21, 25 (1991). Therefore, Plaintiff's claims against Defendants in their official capacities for monetary damages must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).[3]

### II.   Commissioner Annucci, Superintendent Lee, and Director Prack are not Alleged to have been Personally Involved in a Constitutional Violation

It is well settled that personal involvement of a defendant in the alleged constitutional deprivation is a prerequisite to an award of damages under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). "[S]upervisory defendants are 'liable only if, through their own actions, they satisfy each element of the underlying constitutional tort.'" Manning v. Griffin, No. 15 Civ. 3, 2016 U.S. Dist. LEXIS 44342, at *42-43 (S.D.N.Y. Mar. 31, 2016) (quoting Turkmen v. Hasty, 789 F.3d 218, 250 (2d Cir. 2015), cert. granted, __ U.S. __ (2016)).

#### A.   Plaintiff's Claim Regarding Conditions in SHU (Annucci, Lee, and Prack)

Plaintiff fails to allege any conduct on behalf of Commissioner Annucci, Superintendent Lee, and Director Prack that supports a theory of direct liability for any constitutional violation. The sole allegation regarding Commissioner Annucci, Superintendent Lee, and Director Prack regarding this claim is that they "allow[ed] plaintiff to be subjected to [certain] conditions" while in SHU. (Complaint ¶ 74). However, such bare, conclusory allegations concerning a supervisor fail as a matter of law. Iqbal, 556 U.S. at 677. Plaintiff does not allege that either Commissioner Annucci, Superintendent Lee or Director Prack directly participated in any of the alleged constitutional violations in any way, Victory v. Pataki, 814 F.3d 47, 67 (2d Cir. 2016), or that they were even aware of Plaintiff being incarcerated at Green Haven, let alone of the complained of conditions he allegedly faced in SHU. Alston v. Bendheim, 672 F. Supp. 2d 378, 390 (S.D.N.Y. 2009).

---

[3] Moreover, a state officer or employee sued in his official capacity is not a "person" within the meaning of 42 U.S.C. §1983. Reynolds v. Barrett, 685 F.3d 193, 204 (2d Cir. 2012). Consequently, Plaintiff's § 1983 claims against Defendants in their official capacities must also be dismissed for failure to state a claim.

### B.  Plaintiff's Claim Regarding His Disciplinary Hearing (Prack)

A supervisor's reviewing and deciding of an appeal from a disciplinary hearing fails to establish personal involvement in the alleged denial of an inmate's due process rights.  See, e.g., Vogelfang v. Capra, 889 F. Supp. 2d 489, 503-504 (S.D.N.Y. 2012).  Here, Plaintiff's sole claim against Director Prack is that he "violated plaintiff's due process rights by upholding the hearing officer's determination and the excessive sentence on appeal . . ."  (Complaint ¶ 66). Accordingly, since Director Prack's involvement stems from his review and affirmation of the disposition of Plaintiff's disciplinary hearing, and was distinct from the alleged underlying alleged constitutional deprivation, Plaintiff's due process claim against Director Prack for affirming a disciplinary decision should be dismissed.

### III.    At a Minium, Commissioner Annucci, Superintendent Lee, and Director Prack are Entitled to Qualified Immunity

It must be determined whether the plaintiff's factual allegations, accepted as true, are sufficient to show that defendant has violated a clearly established federally-protected right of the plaintiff.  If they do not, the defendant is entitled to qualified immunity.  Pearson v. Callahan, 555 U.S. 223, 231-32 (2009).  Even if the factual allegations show the violation of a federal right, the defendant is still entitled to qualified immunity if it would not have been clear to a reasonable official that the actions she is alleged to have taken violated plaintiff's clearly-established rights.  Id., at 231-32.  "The contours of the right must be sufficiently clear that a reasonable official would understand that what [s]he is doing violates that right."  Anderson v. Creighton, 483 U.S. 635, 640 (1987).  Where "officers of reasonable competence could disagree on this issue, immunity should be recognized."  Malley v. Briggs, 475 U.S. 335, 341 (1986). When a supervisor is sued due to their supervisory position, not only can a plaintiff not base a claim on that supervisory position alone, but must also show that both the underlying claim and the theory of supervisory liability are clearly established.  Poe v. Leonard, 282 F.3d 123, 134 (2d Cir. 2002).

As demonstrated in Points II(A) and (B) above, since Plaintiff's Complaint fails to plead that any of his constitutionally protected rights were violated by Commissioner Annucci, Superintendent Lee, or Director Prack, they are all entitled to qualified immunity.  Spavone v. NYS Dep't of Corr'l Servs., 719 F.3d 127, 135-136 (2d Cir. 2013).  As for Director Prack upholding a disciplinary hearing decision, he is also entitled to qualified immunity.  Gibson v. Travis, No. 14 Civ. 8764, 2016 U.S. Dist. LEXIS 22957, at *16 (S.D.N.Y. Feb. 24, 2016) (holding that Albert Prack was entitled to qualified immunity for affirming a disciplinary determination because it was not "clearly established  . . . whether it would be clear to a reasonable [government official] that his conduct was unlawful in the situation he confronted.") (citing Jamison v. Fischer, 617 Fed. Appx. 25, 28 n.1 (2d Cir. 2015)).  Therefore, at a minimum, Commissioner Annucci, Superintendent Lee, or Director Prack are entitled to qualified immunity.

Respectfully submitted,

*/s/ James B. Cooney*
Assistant Attorney General
(212) 416-6082 | james.cooney@ag.ny.gov

cc:    Susan H. Odessky
        Sokoloff Stern, LLP
        179 Westbury Avenue
        Carle Place, NY 11514
        *Attorney for Plaintiffs*
        (Via ECF)