UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WILLIAM CONSTANT

              Docket No. 16 Civ. 3985 (NSR)

       Plaintiff,

     -against-

ANTHONY J. ANNUCCI, et al.

       Defendants
------------------------------------------------------------------X

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT PRACK AND LEE'S PARTIAL MOTION TO DISMISS

**SOKOLOFF STERN LLP**
*Attorneys for Plaintiff*
179 Westbury Avenue
Carle Place, New York 11514
(516) 334-4500
File No. 130065

*Of Counsel:*
  Brian S. Sokoloff
  Susan H. Odessky

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................iii

PRELIMINARY STATEMENT ......................................................................................... 1

STATEMENT OF FACTS ................................................................................................. 2

STANDARD OF REVIEW ................................................................................................ 3

ARGUMENT .................................................................................................................... 4

POINT I

PLAINTIFF'S COMPLAINT SUFFICIENTLY ALLEGES DEFENDANT LEE AND

PRACK'S PERSONAL INVOLVEMENT IN CONSTITUTIONAL VIOLATIONS ......................................... 4

     A.   SUPERINTENDENT LEE................................................................................. 5

     B.   ALBERT PRACK .......................................................................................... 6

POINT II

THE COURT SHOULD NOT GRANT DEFENDANTS LEE AND PRACK QUALIFIED IMMUNITY ............. 7

CONCLUSION.................................................................................................................. 10

<u>TABLE OF AUTHORITIES</u>

**CASES**

*Ashcroft v. Iqbal,*
   556 U.S. 662, 129 S. CT. 1937, 173 L. ED. 2D 868  (2009) ........................................................ 7

*Ayers v. Coughlin,*
   780 F.2D 205 (2D CIR.1985) ............................................................................................. 4

*Bryant v. Steele,*
   25 F. SUPP. 3D 233 (E.D.N.Y. 2014) .................................................................................. 8

*Colon v. Coughlin,*
   58 F.3D 865 (2D CIR.1995) .......................................................................................... 4, 7

*Daniel v. T&M Prot. Res., Inc.,*
   992 F.SUPP.2D 302 (S.D.N.Y.2014) .................................................................................. 3

*Davis v. Scherer,*
   468 U.S. 183, 104 S.CT. 3012, 82 L.ED.2D 139 (1984) ..................................................... 8

*Delgado v. Bezio,*
   2011 WL 1842294 (S.D.N.Y. MAY 9, 2011) ..................................................................... 6

*Eldridge v. Williams,*
   2013 WL 4005499 (S.D.N.Y. JULY 30, 2013) ................................................................... 5

*Erickson v. Pardus,*
   551 U.S. 89, 127 S.CT. 2197, 167 L.ED.2D 1081 (2007) ................................................... 3

*Field Day, LLC v. County of Suffolk,*
   463 F.3D 167 (2D CIR.2006) ........................................................................................... 8

*Graham v. Macy's Inc.,*
   2015 WL 1413643 N. 1 (S.D.N.Y. MAR. 23, 2015) ............................................................ 3

*Hall v. Artuz,*
   954 F.SUPP. 90 (S.D.N.Y.1997) ...................................................................................... 5

*Harlow v. Fitzgerald,*
   457 U.S. 800, 102 S.CT. 2727, 73 L.ED.2D 396 (1982) ..................................................... 7

*Koch v. Christie's Int'l PLC,*
   699 F.3D 141 (2D CIR.2012) ........................................................................................... 3

*Mateo v. Fischer,*

682 F.SUPP.2D 423 (S.D.N.Y.2010) ........................................................................ 4, 5

*McKenna v. Wright,*
386 F.3D 432 (2D CIR.2004) .................................................................................. 8

*Murray v. Arquitt,*
2014 WL 4676569 (N.D.N.Y. SEPT. 18, 2014) ........................................................ 6

*Samuels v. Fischer,*
168 F. SUPP. 3D 625 (S.D.N.Y. 2016) ................................................................3, 6, 7

*Scott v. Fischer,*
616 F.3D 100 (2D CIR.2010) .................................................................................. 8

*Scott v. Frederick,*
2015 WL 127864 (N.D.N.Y. JAN. 8, 2015).............................................................. 6

*Sharma v. D'Silva,*
157 F. SUPP. 3D 293 (S.D.N.Y. 2016) ................................................................... 4, 5

*Sira v. Morton,*
380 F.3D 57 (2D CIR.2004) .................................................................................. 8

*Tolliver v. Lilley,*
2014 WL 10447163 (S.D.N.Y. OCT. 24, 2014) ..............................................6, 7, 8, 9

*Tolliver v. Skinner,*
2015 WL 5660440 (S.D.N.Y. SEPT. 25, 2015) ......................................................... 6

*Williams v. Vincent,*
508 F.2D 541 (2D CIR.1974) .................................................................................. 4

*Wolff v. McDonnell,*
418 U.S. 539, 94 S.CT. 2963, 41 L.ED.2D 935 (1974).............................................. 8, 9

<u>**PRELIMINARY STATEMENT**</u>

Plaintiff William Constant, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), submit this memorandum of law in opposition to defendants' Albert Prack and William Lee's partial motion to dismiss.

Defendants William Lee, Superintendent of Green Haven Correctional Facility, and Albert Prack, Director of Special Housing and Inmate Disciplinary Programs, were personally involved in violating plaintiff's due process rights.  Courts have found a Superintendent personally involved for having discussions with an inmate about his complaints as Superintendent Lee did here.  Some courts in this District have found that, even after *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009), Prack's affirmance of disciplinary decisions constitutes sufficient personal involvement in the violation of a plaintiff's due process rights.

The Court should reject defendants' entitlement to qualified immunity based on the claim that the question of personal involvement of supervisors is not clearly established after *Iqbal.*  If plaintiff's disciplinary sentence was improper, the affirmance of that sentence and the significant and atypical hardships plaintiff suffered during his excessive solitary confinement violated his clearly established rights to due process.  If the Court determines that defendants Prack and Lee were personally involved in these due process violations, then the Court should not grant them qualified immunity.

The Court should deny defendants' Prack and Lee's motion in it is entirety.

## STATEMENT OF FACTS

On May 27, 2013, at approximately 7:45 p.m., plaintiff William Constant was playing cards with another inmate in a recreation yard at Green Haven Correctional Facility, a maximum security facility run by DOCCS. (Compl. ¶ 11.) Suddenly, without provocation, another inmate, William Reyes, came up behind plaintiff and slashed him repeatedly on the head, face, and ear with a razor-like object, causing plaintiff to bleed profusely. (Compl. ¶¶ 11-12.) Reyes ran and plaintiff ran after him. (Compl. ¶¶ 12-13.) Plaintiff and Reyes reached an area where several officers, including defendants Correction Officers Dapcevic, Cabral, Alban, Sturtevent, Markwick, Hess, Vennero and other unidentified officers (the "defendant officers") stood. (Compl. ¶¶ 14.) The officers stood at a distance from plaintiff and his attacker, leaving plaintiff vulnerable to another attack. (Compl. ¶ 14.) Reyes came towards plaintiff. (Compl. ¶ 15.) Plaintiff feared that Reyes still wielded the razor-like object, and he picked up a rock in self-defense. (Compl. ¶ 15.) Reyes attacked plaintiff. (Compl. ¶ 15.)

The defendant officers, including officers standing in the yard and two officers in the guard tower above the yard, did not try to stop Reyes' attack on plaintiff. (Compl. ¶ 16.) Plaintiff and Reyes fell to the ground during the attack, and one of the officers struck plaintiff twice in the side of his head with his baton, causing plaintiff severe pain, injury and trauma. (Compl. ¶ 17.) No officers struck Reyes. (Compl. ¶ 19.)

Plaintiff was taken to the hospital where he received over sixty-five stitches to close the deep wounds to his head, face and ear. (Compl. ¶¶ 21-22.) Doctors informed plaintiff he sustained an injury to the right side of the back of his head where Officer Depcevic struck him twice with his baton. (Compl. ¶ 22.)

2

Plaintiff received a Tier III disciplinary ticket.  (Comp. ¶ 27.)  During a disciplinary hearing, which took over two months to complete, plaintiff was denied the opportunity to call several witnesses on his behalf, and an entire day of testimony and colloquy was not preserved via audio recording.  (Compl. ¶¶ 28-32.)  The hearing officer found plaintiff guilty on all charges and sentenced him to a year's confinement in SHU.  (Compl. ¶ 32.)  Plaintiff appealed that sentence, and Defendant Prack, Director of Special Housing and Inmate Discipline, upheld the disciplinary hearing finding and excessive sentence.  (Compl. ¶ 33.)

Plaintiff suffered atypical and significant hardships during his one-year confinement in SHU, including excruciatingly painful migraine headaches, muscle spasms, dizziness, nausea, impaired vision and hearing loss due to his head injury, and other hardships, including tampering with his food, urine and feces left on the floor immediately outside his cell, and a fire causing smoke inhalation   (Compl. ¶ 34.)

### STANDARD OF REVIEW

 When ruling on a defendant's motion to dismiss, a judge must "accept as true all of the factual allegations contained in the complaint."  *Samuels v. Fischer*, 168 F. Supp. 3d 625, 633–34 (S.D.N.Y. 2016) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)); *see also Graham v. Macy's Inc.*, No. 14–CV–3192, 2015 WL 1413643, at *1 n. 1 (S.D.N.Y. Mar. 23, 2015) ("For the purpose of resolving the motion to dismiss, the court assumes all well-pled facts to be true."). To resolve a motion to dismiss, the court must "draw all reasonable inferences in favor of the plaintiff."  *Daniel v. T&M Prot. Res., Inc.*, 992 F.Supp.2d 302, 304 n. 1 (S.D.N.Y.2014) (*citing Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir.2012)).

<u>ARGUMENT</u>

<u>POINT I</u>

<u>PLAINTIFF'S COMPLAINT SUFFICIENTLY ALLEGES DEFENDANT LEE AND PRACK'S
PERSONAL INVOLVEMENT IN CONSTITUTIONAL VIOLATIONS</u>

To successfully allege Section 1983 liability, a plaintiff must demonstrate "personal involvement" and cannot merely rely upon an individual's position of authority. *Sharma v. D'Silva*, 157 F. Supp. 3d 293, 303–04 (S.D.N.Y. 2016) (*quoting Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir.1985) (holding that liability "requires a showing of more than the linkage in the prison chain of command"); *see Williams v. Vincent*, 508 F.2d 541, 546 (2d Cir.1974).

"The personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring." *Sharma*, 157 F. Supp. 3d at 304 (*quoting Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995)).

Courts in this circuit appear to be split over the second *Colon* factor, whether a prison official's receipt of a grievance letter from an inmate sufficiently establishes personal involvement. *Sharma*, 157 F. Supp. 3d at 304 (*citing Mateo v. Fischer*, 682 F.Supp.2d 423, 430 (S.D.N.Y.2010) ("Courts in the Second Circuit are divided on whether a supervisor's review and denial of a grievance constitutes personal involvement in the underlying alleged unconstitutional act."). Some courts have found that the defendants' awareness of constitutional deprivations,

4

through a plaintiff's letters or grievances may establish personal involvement.  *See Hall v. Artuz*, 954 F.Supp. 90, 95 (S.D.N.Y.1997); *Eldridge v. Williams*, No. 10-cv-0423 (LTS), 2013 WL 4005499, at *5 (S.D.N.Y. July 30, 2013) ("A defendant's personal receipt of a complaint or letter and subjective awareness of the alleged unconstitutional conditions may be one factor that helps establish personal involvement.").

In reconciling this split, this Court has found support in examining (i) the precise nature of a defendant's response to a grievance letter and (ii) the nature of the defendant's employment. *Sharma*, 157 F. Supp. 3d at 304.  This Court relied upon the *Mateo* court's holding in noting that the "degree of response to an inmate's grievance -- for example, between summarily denying a grievance and denying it in a detailed response that specifically addressed the plaintiff's allegations," may be "persuasive" in determining the level of personal involvement.  *Mateo*, 682 F.Supp.2d at 430.  The *Mateo* Court found that "a supervisor's detailed, specific response to a plaintiff's complaint suggests that the supervisor has considered the plaintiff's allegations and evaluated possible responses."  *Id*. at 430–31.  *Sharma v. D'Silva*, 157 F. Supp. 3d 293, 303–05 (S.D.N.Y. 2016).

### A. <u>Superintendent Lee</u>

Plaintiff repeatedly wrote letters and grievances to Superintendent Lee to complain of the hardships he suffered while in solitary confinement.  Plaintiff had conversations with Superintendent Lee regarding the poor conditions in his cell.  Superintendent Lee's discussions with plaintiff regarding these potential constitutional violations should render him personally involved in the conditions in SHU.

B. **Albert Prack**

Courts within the Second Circuit are split over whether an allegation that a defendant affirmed a disciplinary proceeding is "sufficient to establish personal liability for supervisory officials." *Samuels v. Fischer*, 168 F. Supp.3d 625, 643 (S.D.N.Y. 2016) (*quoting Scott v. Frederick*, No. 13–CV–605, 2015 WL 127864, at *17 (N.D.N.Y. Jan. 8, 2015)). Some courts have found that affirming a disciplinary proceeding is enough to create personal involvement. *Samuels,* 168 F. Supp.3d at 643 (comparing *Scott*, 2015 WL 127864 at *17 ("We subscribe to the affirmance-plus standard, which holds that the mere rubber-stamping of a disciplinary determination is insufficient to plausibly allege personal involvement) with *Tolliver v. Lilley*, No. 12–CV–971, 2014 WL 10447163, at *12 (S.D.N.Y. Oct. 24, 2014) ("Prack received the plaintiff's grievance, reviewed it and acted on it, personally. Accordingly, the allegations against Prack are sufficient to state personal involvement and dismissing the claims against him based on this ground is not warranted ...."), *adopted sub nom. Tolliver v. Skinner*, No. 12–CV–971, 2015 WL 5660440 (S.D.N.Y. Sept. 25, 2015); *see also Murray v. Arquitt*, No. 10–CV–1440, 2014 WL 4676569, at *12 (N.D.N.Y. Sept. 18, 2014) ("The affirmation of an allegedly unconstitutional disciplinary hearing appears to establish personal involvement."); and *Delgado v. Bezio*, No. 09–CV–6899, 2011 WL 1842294, at *9 (S.D.N.Y. May 9, 2011) ("It cannot be said that the *Iqbal* holding precludes liability where, as is alleged here, supervisory personnel affirmed a decision that they knew to have been imposed in violation of Plaintiff's due process rights, thus continuing a deprivation of liberty without due process of law").

In *Samuels v. Fischer*, Judge Karas found that Director Prack had sufficient personal involvement based upon his affirmance of an inmates' disciplinary decision. The judge stated he believed "the better view" is that an affirmance of an unconstitutional disciplinary proceeding can establish personal involvement. 168 F. Supp. 3d at 643-44. Judge Karas found it "difficult to

6

imagine how a prison official could be deemed uninvolved where that official considered the inmate's objections and had the power to abrogate or preserve punishment, that, allegedly, was improperly imposed." *Id.* at 643-44. *Cf. Tolliver*, 2014 WL 10447163, at *12 (finding personal involvement where a prison official "reviewed" and "acted on" an inmate's grievance). The judge did not believe there would be any tension between that finding and *Iqbal's* teaching that "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* at 644 *(citing Iqbal*, 556 U.S. at 677, 129 S.Ct. 1937).

Judge Karas found it telling that in *Colon*, the Second Circuit held that personal involvement could be found where the defendant was informed of the violation through an appeal and failed to remedy the wrong, without further clarifying that "failing to remedy the wrong" is not enough for personal involvement where the defendant also affirmed the decision. *Id.* (*citing* 58 F.3d at 873).

As in *Samuels*, defendant Prack's affirmation of the allegedly improper decision to impose disciplinary sanctions on plaintiff should warrant the conclusion that Prack was sufficiently personally involved in the constitutional violation.

## POINT II

### THE COURT SHOULD NOT GRANT DEFENDANTS LEE AND PRACK QUALIFIED IMMUNITY

Qualified immunity is an affirmative defense shielding government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Tolliver v. Lilley*, No. 12-CV-971 DAB KNF, 2014 WL 10447163, at *12 (S.D.N.Y. Oct. 24, 2014), *report and recommendation adopted sub nom. Tolliver v. Skinner*, No. 12 CIV. 971 DAB, 2015 WL 5660440 (S.D.N.Y. Sept. 25, 2015) (*quoting Harlow v. Fitzgerald,* 457 U.S.

800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)).  To determine whether a right is clearly established, courts analyze (1) whether the right was defined with reasonable specificity; (2) whether Supreme Court or Second Circuit case law supports the existence of the right in question; and (3) whether under preexisting law a reasonable defendant would have understood that his or her acts were unlawful.  *Tolliver,* 2014 WL 10447163 at *12 (*citing Scott v. Fischer,* 616 F.3d 100, 105 (2d Cir.2010)).

A right claimed to be violated must be clearly established "at the time of the conduct at issue."  *Id. (citing Davis v. Scherer,* 468 U.S. 183, 197, 104 S.Ct. 3012, 3021, 82 L.Ed.2d 139 (1984)).  Prison inmates are "entitled to certain procedural protections when disciplinary actions subject them to further liberty deprivations."  *Id.* (*citing Sira v. Morton,* 380 F.3d 57, 69 (2d Cir.2004)); *Wolff v. McDonnell,* 418 U.S. 539, 555–56, 94 S.Ct. 2963, 2974–75, 41 L.Ed.2d 935 (1974)).

 "A defendant asserting a qualified immunity defense on a motion to dismiss 'faces a formidable hurdle ... and is usually not successful.'"  *Bryant v. Steele*, 25 F. Supp. 3d 233, 244 (E.D.N.Y. 2014) (*quoting Field Day, LLC v. County of Suffolk*, 463 F.3d 167, 191–92 (2d Cir.2006)).    The defense will succeed "only where entitlement to qualified immunity can be established based solely on facts appearing on the face of the complaint."  *Id.* (*quoting McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir.2004)).

In *Tolliver*, the plaintiff inmate's argued, as plaintiff Constant does here, that Prack violated his due process rights when he "turned a blind eye" to constitutional violations in connection with Tolliver's disciplinary hearing.  *Tolliver*, 2014 WL 10447163, at *13.  The court found that Tolliver's due process rights in connection with his disciplinary action were clearly

established.  *Id. (Citing Wolff,* 418 U.S. at 555–56, 94 S.Ct. at 2974–75).  Plaintiff Constant's due process rights were clearly established.

The Court should reject Prack's attempt to obtain qualified immunity based on the split in decisions as to personal involvement for supervisors.  Prack should have reasonably known that plaintiff was entitled to the protections of due process during a disciplinary hearing.  *Wolff,* 418 U.S. at 555–56, 94 S.Ct. at 2974–75.

If this Court determines that defendant Prack's affirmance of the allegedly improper disciplinary determination rendered him personally involved in a due process violation, then the Court should not grant him qualified immunity.

Contrary to defendant Lee's assertion, he is not entitled to qualified immunity on the grounds that he violated no clearly established rights of plaintiff.  Plaintiff adequately pleaded that Superintendent Lee violated his due process rights by failing to adequately address his complaints as to the atypical and substantial hardships he faced in solitary confinement.  If this Court finds Lee's interactions with plaintiff about his complaints established his personal involvement in the violations of plaintiff's rights, the Court should not grant defendant Lee qualified immunity.

<u>**CONCLUSION**</u>

For all the foregoing reasons, the Court should deny in its entirety defendants' motion to dismiss plaintiffs' complaint, together with such other relief as this Court may deem just, equitable, and proper.

Dated: Carle Place, New York
February 3, 2017

SOKOLOFF STERN LLP
*Attorneys for Plaintiff William Constant*

By: _____
Brian S. Sokoloff
Susan H. Odessky
179 Westbury Avenue
Carle Place, New York 11514
(516) 334-4500
File No. 130065