UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
WILLIAM CONSTANT,

                      Plaintiff,

                  16 Civ. 3985 (NSR)

           - against -

ANTHONY J. ANNUCCI, et al.,

                      Defendants.
------------------------------------------------------------- X

## DEFENDANTS PRACK AND LEE'S MEMORANDUM OF LAW IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
<u>Attorney for Defendants</u>
120 Broadway - 24th Floor
New York, NY 10271
Tel: (212) 416-6082

JAMES B. COONEY
Assistant Attorney General
    *Of Counsel*

# TABLE OF CONTENTS

**Page**

Table of Authorities ................................................................................................................ ii

PRELIMINARY STATEMENT .............................................................................................. 1

STATEMENT OF ALLEGATIONS ........................................................................................ 1

STANDARD OF REVIEW ...................................................................................................... 2

ARGUMENT ............................................................................................................................ 3

POINT I   SUPERINTENDENT LEE AND DIRECTOR PRACK
ARE NOT ALLEGED TO HAVE BEEN PERSONALLY
INVOLVED IN A CONSTITONAL VIOLATION ............................................. 3

   A.   Plaintiff's Claim Regarding Conditions in SHU (Lee, and Prack) .................................... 4

   B.   Plaintiff's Claim Regarding His Disciplinary Hearing (Prack) .......................................... 5

POINT II   AT A MINIMUM, SUPERINTENDENT LEE AND
DIRECTOR PRACK ARE ENTITLED TO QUALIFIED
IMMUNITY .......................................................................................................... 7

   A.   Plaintiff's Claim Regarding Conditions in SHU (Lee, and Prack) .................................... 8

   B.   Plaintiff's Claim Regarding His Disciplinary Hearing (Prack) .......................................... 8

CONCLUSION ....................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**                                                                                           **Page(s)**

Alston v. Bendheim,
   672 F. Supp. 2d 378 (S.D.N.Y. 2009) ............................................................................. 5

Anderson v. Creighton,
   483 U.S. 635 (1987) ......................................................................................................... 7

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ........................................................................................... 2, 3, 4, 5, 6

Back v. Hastings on Hudson Union Free Sch. Dist.,
   365 F.3d 107 (2d Cir. 2004) ............................................................................................ 3

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007) ......................................................................................................... 2

Bellamy v. Mount Vernon Hosp.,
   No. 07 Civ. 1801, 2009 U.S. Dist. LEXIS 54141 (S.D.N.Y. June 26, 2009),
   aff'd 387 Fed. Appx. 55 (2d Cir. 2010) ........................................................................... 4

Colon v. Coughlin,
   58 F.3d 865 (2d Cir. 1995) .......................................................................................... 3, 4

County of Sacramento v. Lewis,
   523 U.S. 833 (1998) ......................................................................................................... 7

Gibson v. Travis,
   No. 14 Civ. 8764, 2016 U.S. Dist. LEXIS 22957 (S.D.N.Y. Feb. 24, 2016) ................... 8

Jamison v. Fischer,
   617 Fed. Appx. 25 (2d Cir. 2015) ................................................................................... 8

Malley v. Briggs,
   475 U.S. 335 (1986) ......................................................................................................... 7

Manning v. Griffin,
   No. 15 Civ. 3, 2016 U.S. Dist. LEXIS 44342 (S.D.N.Y. Mar. 31, 2016) ........................ 4

Mozzochi v. Borden,
   959 F.2d 1174 (2d Cir. 1992) .......................................................................................... 8

Nicholas v. Tucker,
   40 Fed. Appx. 642 (2d Cir. 2002),
   affirming 89 F. Supp. 2d 475 (S.D.N.Y. 2000) ............................................................... 6

Nimmons v. Fischer,
 No. 11 Civ. 00817A (F), 2013 U.S. Dist. LEXIS 118059 (W.D.N.Y. July 30, 2013),
 R&R adopted, 2013 U.S. Dist. LEXIS 117737 (W.D.N.Y. Aug. 20, 2013) .............................6

Okin v. Vill. of Cornwall-On-Hudson Police Dep't,
 577 F.3d 415 (2d Cir. 2009)...................................................................................................9

Ortiz v. Russo,
 No. 13 Civ. 5317, 2015 U.S. Dist. LEXIS 39705 (S.D.N.Y. Mar. 27, 2015) .......................5, 6

Pearson v. Callahan,
 555 U.S. 223 (2009)..............................................................................................................7, 8

Poe v. Leonard,
 282 F.3d 123 (2d Cir. 2002)..................................................................................................7, 8

Richardson v. Williams,
 No. 15 Civ. 4117, 2016 U.S. Dist. LEXIS (S.D.N.Y. Oct. 5, 2016) .......................................9

Rothenberg v. Daus,
 No. 08 Civ. 567, 2015 U.S. Dist. LEXIS 39764 (S.D.N.Y. Mar. 27, 2015) ............................4

Saucier v. Katz,
 533 U.S. 194 (2001)................................................................................................................7

Spavone v. New York State Dep't of Correctional Services,
 719 F.3d 127 (2d Cir. 2013)....................................................................................................8

Spear v. Hugles,
 No. 08 Civ. 4026, 2009 U.S. Dist. LEXIS 62055 (S.D.N.Y. July 20, 2009) ..........................4

Turkmen v. Hasty,
 789 F.3d 218 (2d Cir. 2015), cert. granted, __ U.S. __ (2016)...............................................4

Victory v. Pataki,
 814 F.3d 47 (2d Cir. 2016)..................................................................................................3, 5

Vogelfang v. Capra,
 889 F. Supp. 2d 489 (S.D.N.Y. 2012)......................................................................................6


**Federal Statutes**

42 U.S.C.
 § 1983................................................................................................................................ passim
 § 1985(3)..................................................................................................................................1

**Federal Rules**

Fed. R. Civ. P. Rule 8(a)(2) ................................................................................................2

Federal Rules of Civil Procedure Rule 12(b)(6) ..........................................................1, 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
WILLIAM CONSTANT,                                : 16 Civ. 3985 (NSR)
                                                 :
                          Plaintiff,             : **DEFENDANTS PRACK AND LEE'S**
                                                 : **MEMORANDUM OF LAW IN SUPPORT**
              - against -                        : **OF THEIR MOTION TO DISMISS**
                                                 :
ANTHONY J. ANNUCCI, et al.,                      :
                                                 :
                          Defendants.            :
-------------------------------------------------------------- X

## PRELIMINARY STATEMENT

Defendants Albert Prack, former Director of Special Housing and Inmate Disciplinary Program and William Lee, former Superintendent of Green Haven Correctional Facility ("Green Haven"), current and former employees of the Department of Corrections and Community Supervision ("DOCCS") (collectively referred to herein as "Defendants"),[1] by and through their attorney, Eric T. Schneiderman, Attorney General of the State of New York, respectfully submit this memorandum of law in support of their partial motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

## STATEMENT OF ALLEGATIONS[3]

Plaintiff William Constant ("Plaintiff"), an inmate in DOCCS custody currently incarcerated at Sing Sing Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983[4]

---

[1] This is a partial motion to dismiss all claims made against Defendants Prack and Lee. The remaining, non-moving defendants--Frederick Bernstein, M.D., Robert Bentivegna, M.D., Correction Officer ("CO") Nedzad Dapcevic, Sergeant Ronald Cabral, CO Antonio Alban, CO Brian Sturtevent, CO Jonathan Markwick, CO Bryan Hess, and CO Michael Vennero, all current employees of DOCCS--have filed an Answer to the Complaint, dated December 28, 2016. (ECF No. 28).
[2] Plaintiff has withdrawn all claims against Anthony J. Annucci, and, therefore, he is no longer a defendant to this lawsuit. (ECF No. 27). Plaintiff has also withdrawn his claims against Defendants in their official capacities. (Id.)
[3] The allegations in the Complaint are taken as true solely for the purposes of this motion; Defendants dispute the factual accuracy of Plaintiff's claims.
[4] While Plaintiff mentions 42 U.S.C. § 1985(3) in the preliminary statement and jurisdiction sections, there are no discernible § 1985(3) claims made in the Complaint. (Complaint ¶¶ 1, 2). In the same vein, although the Complaint mentions the terms "declaratory and injunctive relief" in the preliminary statement, the Complaint is bereft of any such claims. (Id. ¶ 1).

alleging that Defendants failed to protect him from an attack by another inmate, used excessive force, were deliberately indifferent to his serious medical needs, violated his due process rights regarding a disciplinary hearing, and subjected him to atypical and significant hardship during a one-year sentence in the Segregated Housing Unit ("SHU").

This Court should dismiss all claims against Defendants Superintendent Lee and Director Prack for the following reasons: (1) all claims against Superintendent Lee and Director Prack fail for not adequately pleading personal involvement, and (2) Superintendent Lee and Director Prack are entitled to qualified immunity.

## STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Supreme Court held that "[t]he applicable test . . . is for the court to accept as true all non-conclusory, well-pleaded factual allegations, and determine whether or not said allegations are sufficient to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court further explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotations omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged -- but it has not 'show[n] -- that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. Rule 8(a)(2)).

## ARGUMENT

### POINT I

### SUPERINTENDENT LEE AND DIRECTOR PRACK ARE NOT ALLEGED TO HAVE BEEN PERSONALLY INVOLVED IN A CONSTITIONAL VIOLATION

It is well settled that personal involvement of a defendant in the alleged constitutional deprivation is a prerequisite to an award of damages under § 1983.  See Iqbal, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's *own* individual actions, has violated the Constitution.") (emphasis added); see also Victory v. Pataki, 814 F.3d 47, 67 (2d Cir. 2016) ("Personal involvement may be shown by direct participation, which requires in this context intentional participation in the conduct constituting a violation of the victim's rights by one who knew of the facts rendering it illegal.") (internal quotation marks and citation omitted); Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 122 (2d Cir. 2004) ("[I]n this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (quotation marks and citation omitted).

Until recently, the accepted standard for personal involvement by a supervisor was articulated in Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).  In Colon, the Court identified five categories of conduct that may demonstrate the personal involvement of a supervisory defendant:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

3

Id. (citation omitted).

Subsequently, Iqbal explicitly rejected any argument that "a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor[] violating the Constitution." 556 U.S. at 677. Various district courts have determined that only two Colon factors survive. See Bellamy v. Mount Vernon Hosp., No. 07 Civ. 1801, 2009 U.S. Dist. LEXIS 54141, at *27-28 (S.D.N.Y. June 26, 2009) (first and third Colon factors remain post-Iqbal), aff'd 387 Fed. Appx. 55 (2d Cir. 2010); Spear v. Hugles, No. 08 Civ. 4026, 2009 U.S. Dist. LEXIS 62055, at *7 (S.D.N.Y. July 20, 2009) (same); but see Rothenberg v. Daus, No. 08 Civ. 567, 2015 U.S. Dist. LEXIS 39764, at *10 (S.D.N.Y. Mar. 27, 2015) (citing cases). Recently, this Court recognized that "supervisory defendants can be 'liable only if, through their own actions, they satisfy each element of the underlying constitutional tort.'" Manning v. Griffin, No. 15 Civ. 3, 2016 U.S. Dist. LEXIS 44342, at *42-43 (S.D.N.Y. Mar. 31, 2016) (quoting Turkmen v. Hasty, 789 F.3d 218, 250 (2d Cir. 2015), cert. granted, __ U.S. __ (2016)). Therefore, "[t]he Colon factors remain relevant to the extent that 'a particular type of conduct [that] constitutes "personal involvement" under Colon' could serve as conduct that supports a theory of direct liability." Manning, 2016 U.S. Dist. LEXIS 44342, at *43 (quoting Turkmen, 789 F.3d at 250).

**A. Plaintiff's Claim Regarding Conditions in SHU (Lee and Prack)**

Plaintiff fails to allege any conduct on behalf of Superintendent Lee and Director Prack that supports a theory of direct liability for any constitutional violation. The sole allegation regarding Superintendent Lee and Director Prack regarding this claim states:

> In allowing plaintiff to be subjected to these conditions during his one-year period of confinement, defendants . . . Superintendent of Green Haven William Lee[ and] Albert Prack, Director of Special Housing and Inmate Disciplinary Programs for DOCCS, . . . subjected plaintiff to confinement which imposed an atypical and

4

>significant hardship on plaintiff in relation to the ordinary incidents of prison life and implicated plaintiff's liberty interests in violation of plaintiff's due process rights under the Fourteenth Amendment.

(Complaint ¶ 74). Iqbal is directly on point here -- such bare, conclusory allegations concerning a supervisor fail as a matter of law. Iqbal, 556 U.S. at 677. Plaintiff does not allege that either Superintendent Lee or Director Prack directly participated in any of the alleged constitutional violations in any way, see Victory, 814 F.3d at 67, or that they were even aware of Plaintiff being incarcerated at Green Haven, let alone of the complained of conditions he allegedly faced in SHU. See Alston v. Bendheim, 672 F. Supp. 2d 378, 390 (S.D.N.Y. 2009) ("Allegations that fail to evidence any knowledge on the supervisor's part concerning the alleged constitutional violations in question[] do not amount to personal involvement on behalf of the supervisor in question."). Therefore, Plaintiff's claims against Superintendent Lee and Director Prack regarding SHU confinement should be dismissed.

## B. Plaintiff's Claim Regarding His Disciplinary Hearing (Prack)

The claims against Director Prack should also be dismissed for a failure to allege that he was personally involved in any alleged constitutional deprivations stemming from his affirming the result of Plaintiff's disciplinary hearing. A supervisor's reviewing and deciding of an appeal from a disciplinary hearing fails to establish personal involvement in the alleged denial of an inmate's due process rights. See Ortiz v. Russo, No. 13 Civ. 5317, 2015 U.S. Dist. LEXIS 39705, at *33 (S.D.N.Y. Mar. 27, 2015) (noting that there appears to be a split in the courts of this Circuit as to whether a prison official who simply denies an inmate's administrative appeal from a disciplinary hearing can be held liable under §1983, but that "allowing suits to proceed against all of the officers who reviewed an inmate's appeal in such a situation would improperly

5

impose supervisory liability, conflicting with the clear mandate of Iqbal and many years of Second Circuit case law") (citations omitted).

See also Nimmons v. Fischer, No. 11 Civ. 00817A (F), 2013 U.S. Dist. LEXIS 118059, at *18-19 (W.D.N.Y. July 30, 2013), R&R adopted, 2013 U.S. Dist. LEXIS 117737 (W.D.N.Y. Aug. 20, 2013); Vogelfang v. Capra, 889 F. Supp. 2d 489, 503-504 (S.D.N.Y. 2012) (finding that "an officer tasked only with reviewing an administrative determination is not 'personally involved' even if the underlying determination implicates a plaintiff's constitutional rights[]" and officers who "sit[] in administrative review of any decision rendered at the hearing" are not personally involved in any deprivation). The Second Circuit has approved and affirmed a district court's dismissal of claims against supervisory defendants for affirming disciplinary determinations on the grounds of lack of personal involvement. Nicholas v. Tucker, 40 Fed. Appx. 642, 643 (2d Cir. 2002) (affirming 89 F. Supp. 2d 475 (S.D.N.Y. 2000)).

Here, the claims against Director Prack should be dismissed because there is nothing in the Complaint to indicate that he, merely by affirming the disposition of the hearing, was personally involved in any alleged deprivation of Plaintiff's constitutional rights. Plaintiff's sole claim against Director Prack is that he "violated plaintiff's due process rights by upholding the hearing officer's determination and the excessive sentence on appeal . . ." (Complaint ¶ 66). Accordingly, Director Prack's involvement stems from his review and affirmation of the disposition of Plaintiff's disciplinary hearing, and was distinct from the alleged underlying alleged constitutional deprivation. See Ortiz v. Russo, No. 13 Civ. 5317, 2015 U.S. Dist. LEXIS 39705, at *33-35 (because Director Venettozzi's involvement was distinct from the constitutional violations plaintiff had alleged against the other defendants, he could not be held liable under § 1983 for violations that occurred prior to his review and were not ongoing).

6

Therefore, Plaintiff's due process claim against Director Prack for affirming a disciplinary decision should be dismissed.

**POINT II**

**AT A MINIMUM, SUPERINTENDENT LEE AND DIRECTOR PRACK ARE ENTITLED TO QUALIFIED IMMUNITY**

Two separate questions are presented in deciding whether qualified immunity applies. It must be determined whether the plaintiff's factual allegations, accepted as true, are sufficient to show that defendant has violated a clearly established federally-protected right of the plaintiff. If they do not, the defendant is entitled to qualified immunity. Pearson v. Callahan, 555 U.S. 223, 231-32 (2009); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). Even if the factual allegations show the violation of a federal right, the defendant is still entitled to qualified immunity if it would not have been clear to a reasonable official that the actions she is alleged to have taken violated plaintiff's clearly-established rights. Pearson, 555 U.S. at 231-32. "The contours of the right must be sufficiently clear that a reasonable official would understand that what [s]he is doing violates that right." Anderson v. Creigton, 483 U.S. 635, 640 (1987). Where "officers of reasonable competence could disagree on this issue, immunity should be recognized." Malley v. Briggs, 475 U.S. 335, 341 (1986). The Court has discretion to perform the qualified immunity analysis in the order deemed most appropriate in light of the circumstances at hand. Pearson, 555 U.S. at 241-43 (overruling in part Saucier v. Katz, 533 U.S. 194 (2001)). Moreover, when a supervisor is sued due to their supervisory position, not only can a plaintiff not base a claim on that supervisory position alone, but must also show that both the underlying claim and the theory of supervisory liability are clearly established. Poe v. Leonard, 282 F.3d 123, 134 (2d Cir. 2002).

**A.  Plaintiff's Claim Regarding Conditions in SHU (Lee and Prack)**

As demonstrated in Point I(A) above, Plaintiff's Complaint fails to plead that any of his constitutionally protected rights were violated by Superintendent Lee or Director Prack.  See Spavone v. New York State Dep't of Correctional Services, 719 F.3d 127, 135-136 (2d Cir. 2013) (A finding that a defendant was not personally involved entitles that defendant to qualified immunity.).  Thus, by definition, there was no "clearly established" constitutional right that was violated at the time the conduct occurred.  See Mozzochi v. Borden, 959 F.2d 1174, 1179 (2d Cir. 1992); see also Poe, 282 F.3d at 134.  Therefore, Superintendent Lee and Director Prack are thus entitled to qualified immunity.

**B.  Plaintiff's Claim Regarding His Disciplinary Hearing (Prack)**

As set forth in Point I(B) above, Plaintiff has also failed to state a claim that Director Prack violated any constitutionally protected right by upholding a disciplinary hearing decision. Thus, Director Prack is entitled to qualified immunity in this case.  Pearson, 555 U.S. at 231-232. In addition, if this Court should find that Director Prack's alleged conduct regarding affirming the disciplinary hearing decision could have violated Plaintiff's constitutional rights, he is still entitled to qualified immunity.  First, the law was not clearly established that an official who merely reviews an administrative determination is personally involved in any underlying constitutional deprivation.  See Jamison v. Fischer, 617 Fed. Appx. 25, 28 n.1 (2d Cir. 2015) (wherein the Second Circuit declined to address "whether supervisory liability can be found in a Section 1983 case when an individual is alleged to have affirmed an unconstitutional disciplinary decision"); Gibson v. Travis, No. 14 Civ. 8764, 2016 U.S. Dist. LEXIS 22957, at *16 (S.D.N.Y. Feb. 24, 2016) (finding in light of Jamison v. Fischer, that Albert Prack was entitled to qualified immunity for affirming a disciplinary determination because it was not "clearly established . . .

8

whether it would be clear to a reasonable [government official] that his conduct was unlawful in the situation he confronted.") (quotation omitted); Richardson v. Williams, No. 15 Civ. 4117, 2016 U.S. Dist. LEXIS, at *8-9 (S.D.N.Y. Oct. 5, 2016) ("[W]hen Prack denied plaintiff's appeal, it was not "clearly established . . . whether it would be clear to a reasonable [government official] that his conduct was unlawful in the situation he confronted.") (quoting Okin v. Vill. of Cornwall-On-Hudson Police Dep't, 577 F.3d 415, 433 (2d Cir. 2009)).

Second, even if the law were clearly established, it was objectively reasonable for a person in Director Prack's position to believe that affirming the hearing decision did not violate any clearly established right. To the extent that Plaintiff sues Director Prack as a supervisor who failed to remedy this alleged violation, this theory of supervisory liability is not clearly established, given the number of cases rejecting it. Thus, Director Prack is entitled to qualified immunity on this ground as well.

## **CONCLUSION**

For the aforementioned reasons, this Court should grant Defendants' partial motion to dismiss the Complaint.

Dated: New York, New York
December 28, 2016

        Respectfully submitted,

        ERIC T. SCHNEIDERMAN
        Attorney General of the State of New York
        <u>Attorney for the Defendants</u>
        By:
          */s/ James B. Cooney*
        _____

        JAMES B. COONEY
        Assistant Attorney General
        120 Broadway, 24th Floor
        New York, NY 10271
        Tel.: (212) 416-6082
        Fax: (212) 416-6009
        james.cooney@ag.ny.gov