

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

| LETITIA JAMES | DIVISION OF STATE COUNSEL |
|---|---|
| ATTORNEY GENERAL | LITIGATION BUREAU |

July 13, 2020

**BY ECF**
Hon. Judith C. McCarthy
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

      Re:    *Constant v. Dapcevic,* 16-cv-3985 (PMH)(JCM)

Dear Judge McCarthy:

This Office represents Defendants in the above-referenced action. I write to respectfully request a pre-motion conference to discuss Defendants' anticipated motion for a protective order precluding Plaintiff from deposing Defendants' Rule 26(a)(2)(B) rebuttal expert, Dr. Ranade, without paying the expert his reasonable fee. Counsel have met-and-conferred but have been unable to resolve this issue without the Court's assistance.

On July 6, 2020, Plaintiff's counsel informed the undersigned that he does not intend to pay Dr. Ranade any fee to take his deposition, on the ground that Dr. Ranade was previously Plaintiff's treating provider and therefore not entitled to any fee. Counsel held a telephonic meet-and-confer on July 8, 2020 and engaged in follow up discussion by email through July 9, 2020. Plaintiff's counsel confirmed during those discussions that he intends to depose Dr. Ranade as a fact witness/treating provider only. He further stated that "if" the subject matter of the testimony

relates to matters concerning Dr. Ranade's expert report, then the parties may thereafter determine what amount of fee, "if any," is reasonable. Defendants object to Plaintiff's intent to depose their expert without compensation, as well as to any notion that they may depose him and only determine afterward whether they will pay him, and maintain that their expert is entitled to fees pursuant to Rule 26(b)(4)(E)(i).

Preliminarily, to the extent Plaintiff maintains that fact witnesses are not entitled to any fees, he is incorrect. See 28 U.S.C. § 1821(b). Further, the Rules provide that "an expert whose opinions may be presented at trial" may be deposed, Fed. R. Civ. P. 26(b)(4)(A), and clearly require that the party taking the deposition of that expert "pay the expert a reasonable fee," id. R. 26(b)(4)(E)(i). Here, Dr. Ranade has been specifically retained to review information not previously known to him at his time of treatment and to provide specialized opinion testimony as to Plaintiff's alleged injuries. Plaintiff's position that Dr. Ranade's prior treatment of Plaintiff on three occasions disqualifies him from compensation is simply incorrect. See, e.g., Patterson v. Avis Rent A Car Sys., Inc. 48 F. Supp. 3d 532 (S.D.N.Y. 2014) (treating physician designated as Rule 26(a)(2)(B) expert entitled to reasonable fee for deposition testimony). The Court should therefore enter an order protecting Dr. Ranade from appearing at a deposition without being paid his reasonable deposition fee.

Accordingly, Defendants respectfully request that the Court schedule a pre-motion conference to discuss the discovery issue identified above or otherwise grant the relief requested.

Respectfully submitted,
 /s/ Deanna L. Collins
Deanna L. Collins
Assistant Attorney General
(212) 416-8906
Deanna.Collins@ag.ny.gov

cc:  Counsel of Record (by ECF)