

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

August 12, 2020

**BY ECF**
Hon. Judith C. McCarthy
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

    Re:    <u>Constant v. Dapcevic,</u> 16-cv-3985 (NSR)(JCM)

Dear Judge McCarthy:

    This Office represents Defendants Nedzad Dapcevic, Brian Sturtevent, Antonio Alban, Ronald Cabral, Jonathan Markwick, Brian Hess, and Michael Venerro ("Defendants") in the above-referenced action. I write in response to Plaintiff's August 7, 2020 letter (ECF 89) seeking: (1) an order compelling the disclosure of a non-party witness's personal contact information; (2) to compel Defendants to produce their rebuttal expert, Dr. Ranade's, provider agreement with DOCCS; and (3) to extend the deadline for the completion of expert discovery to September 4, 2020. For the reasons discussed below, Plaintiff's applications should be denied.

    First, Plaintiff's request for a Court order compelling the Rochester Parole Office to disclose non-party fact witness Michael Hurley's personal contact information should be denied as untimely and because Plaintiff has not demonstrated good cause to extend this fact discovery deadline. As the Court is aware, fact discovery closed on June 22, 2020. (*See* May 26, 2020 ECF Minute Entry.) Although the Court permitted Plaintiff additional time to attempt to locate and depose Mr. Hurley, (*see* Mar. 13, 2020 ECF Minute Entry), Plaintiff did not request the Court's assistance until the very last day of expert discovery. Moreover, Plaintiff's counsel only notified the undersigned that they would seek such an order the day earlier during their meet and confer on other matters, and did not provide any of the information described in their letter regarding their attempts to locate Mr. Hurley. Further, while Plaintiff's letter describes certain communications counsel had with the Rochester Parole Office, it does not state *when* any of these communications occurred, during the nearly five months since the deadline for fact depositions closed and the Court permitted additional time to locate Mr. Hurley. Without such detail, the Court cannot determine if

Plaintiff's counsel has been diligent and if good cause exists to further modify the fact discovery schedule to extend the deadline to depose Mr. Hurley—which is *de facto* what their request for an order compelling the disclosure of his contact information would necessarily require. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("a finding of 'good cause' depends on the diligence of the moving party"); *see also, e.g.*, *Joye v. Psch, Inc.*, No. 14-cv-3809, 2016 WL 3141659, at *5 (S.D.N.Y. June 3, 2016) (internal quotation marks and citation omitted) ("To satisfy the good cause standard the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met."); *id.* (collecting cases). In addition, Plaintiff does not identify why Mr. Hurley's deposition testimony is necessary, and instead states only that counsel "believe[ ]" he is a "vital witness." (ECF 89 at 2.) This vague explanation is insufficient to show why discovery should be extended, particularly where Plaintiff has already deposed numerous other individuals who were present in the yard during the May 27, 2013 incident. Finally, Plaintiff's request to extend the deadline to depose Mr. Hurley up to the day of trial is simply unreasonable and would prejudice Defendants' preparation for trial.

Second, Plaintiff's request for an order compelling the production of the medical provider agreement between Dr. Ranade and DOCCS should be denied because the document contains personal and private employment information that has no relevance to this matter. *See* Fed. R. Civ. P. 26(b)(1), (b)(2)(C)(iii); Fed. R. Evid. 401-404. During the parties' meet and confer, counsel's only proffered reason for requesting the document is because they believe it goes to Dr. Ranade's credibility, motivation, and financial interest in acting as Defendants' retained expert in this matter. But Plaintiff is already fully aware that Dr. Ranade works as a consulting neurologist for DOCCS and is therefore compensated as such. Accordingly, Plaintiff already has the knowledge to attempt to impeach Dr. Ranade at trial for any such alleged bias; no further documents are necessary. In the alternative, Defendants respectfully request that the Court conduct an *in camera* review before ruling on the relevancy of the document.

Third, Plaintiff's request for a one-month extension "to complete" expert discovery should be denied. With the exception of the document identified above, expert discovery *is* complete. There are no other outstanding discovery requests and Plaintiff has withdrawn his subpoena to depose Defendants' rebuttal expert. Accordingly, the Court's decision on the issue concerning Dr. Ranade's provider agreement with DOCCS will effectively complete discovery in this case. Plaintiff's request for further time is therefore unnecessary.

Accordingly, Defendants respectfully request that Plaintiff's applications be denied.

Respectfully submitted,

*/s/ Deanna L. Collins*
Deanna L. Collins
Assistant Attorney General
(212) 416-8906
Deanna.Collins@ag.ny.gov

cc: Counsel of Record (by ECF)