UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
WILLIAM CONSTANT,                                               :
                                                                :
                Plaintiff,                                  :
                                                                :
  - against -                                                  :   16-cv-3985(PMH)
                                                                :
N. DAPCEVIC, et al.,                                            :
                                                                :
                Defendants.                                 :
-------------------------------------------------------------- X


# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO FOR SUMMARY JUDGMENT


                                               LETITIA JAMES
                                               Attorney General
                                                 State of New York
                                              <u>Attorney for Defendants</u>
                                              28 Liberty Street - 18th Floor
                                              New York, NY 10005
                                              (212) 416-8906
                                              Deanna.Collins@ag.ny.gov


DEANNA L. COLLINS
Assistant Attorney General
    of Counsel


Dated:  May 14, 2021

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES..................................................................................................ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ........................................................................................................................ 2

POINT I   PLAINTIFF'S OPPOSITION FAILS TO ADDRESS DEFENDANTS' ARGUMENTS ON THE FAILURE TO PROTECT CLAIM ABOUT PLAINTIFF GETTING SLASHED, AND THE EXCESSIVE FORCE CLAIM ABOUT FORCE USED BY ALBAN AND STURTEVENT AGAINST PLAINTIFF ............................................................................................ 2

POINT II   PLAINTIFF FAILS TO REBUT DEFENDANTS' ARGUMENTS THAT SUMMARY JUDGMENT MUST BE GRANTED ON THE REMAINING CLAIMS OR THAT, IN THE ALTERNATIVE, THEY ARE ENTITLED TO QUALIFIED IMMUNITY ........................................................................ 2

    A.  Plaintiff Fails To Rebut Defendants' Argument that Summary Judgment Is Warranted On The Excessive Force Claim Against Dapcevic .......... 2

    B.  Plaintiff Fails To Rebut Defendants' Arguments that Summary Judgment Is Warranted On The Failure To Protect Claims ................................. 5

    C.  Plaintiff Fails To Rebut Defendants' Arguments Regarding Qualified Immunity ..................................................................................................10

CONCLUSION………………………………………………………………………..10

# TABLE OF AUTHORITIES

**Cases**                     **Page(s)**

Anderson v. Liberty Lobby, Inc.,
  477 U.S. 242 (1986)............................................................................................................7

Bah v. City of New York,
  319 F. Supp. 3d 698 (S.D.N.Y. 2018) ...............................................................................4-5

Bonilla v. Brancato,
  No. 99-cv-10657, 2002 WL 31093614 (S.D.N.Y. Sept. 18, 2002).......................................10

Brady v. Town of Colchester,
  863 F.2d 205 (2d Cir. 1988).................................................................................................7

Celotex Corp. v. Catrett,
  477 U.s. 317 (1986).............................................................................................................7

Collado v. City of New York,
  No. 11-cv-9041, 2017 WL 4533772 (S.D.N.Y. Sept. 27, 2017) ..........................................4

Farmer v. Brennan,
  511 U.S. 825 (1994).............................................................................................................6

Ford v. Phillips,
  No. 05-cv-6646, 2007 WL 946703 (S.D.N.Y. Mar. 27, 2007).............................................4

Hong v. Liburd,
  No. 18-cv-7201, 2021 WL 1062611 (S.D.N.Y. Mar. 18, 2021) ..........................................8

Jackson v. Fed. Exp.,
  766 F.3d 189 (2d Cir. 2014).................................................................................................2

Johnson v. Juvera,
  No. 12-cv-539, 2013 WL 5722807 (D. Ariz. Oct. 22, 2013) .............................................8-9

Jones v. Parmley,
  465 F.3d 46 (2d Cir. 2006)...................................................................................................4

Louis-Charles v. Courtwright,
  No. 11-cv-147, 2014 WL 457951 (N.D.N.Y. Feb. 4, 2014) ................................................8

Major League Baseball Props. Inc. v. Salvino, Inc.,
  542 F.3d 290 (2d Cir. 2008).................................................................................................6

Marache v. Akzo Nobel Coatings, Inc.,
  No. 08-cv-11049, 2010 WL 908467 (S.D.N.Y. Mar. 12, 2010) (Rep. &
  Recommendation), adopted by 2010 WL 3731124 (S.D.N.Y. Sept. 7, 2010).........................2

McMillian v. Johnson,
    88 F.3d 1573 (11th Cir. 1996), aff'd sub nom. 520 U.S. 781 (1997) ........................................7

Metito (Overseas) Ltd. v. Gen. Elec. Co.,
    No. 05-cv-9478, 2009 WL 399221 (S.D.N.Y. Feb. 18, 2009) ................................................7

Salahuddin v. Goord,
    467 F.3d 263 (2d Cir. 2006) ....................................................................................................6

Tenay v. Culinary Teachers Ass'n of Hyde Park,
    281 F. App'x 11 (2d Cir. 2008) (summ. order) .......................................................................7

Tennessee v. Garner,
    471 U.S. 1 (1995) ..................................................................................................................10

Tracy v. Freshwater,
    623 F.3d 90 (2d Cir. 2010) .....................................................................................................4

Universal Calvary Church v. City of New York,
    Nos. 96-cv-4606, 99-cv-9228, 99-cv-9227, 99-cv-12193, 99-cv-12236, 99-cv-
    12247, 99-cv-9230, 2000 WL 1538019 (S.D.N.Y. Oct. 17, 2000) .........................................9

Ying Jing Gan v. City of New York,
    996 F.2d 522 (2d Cir. 1993) ....................................................................................................9

**U.S. CONSTITUTION**

Eighth Amendment ...........................................................................................................................5-6

## PRELIMINARY STATEMENT[1]

Defendants Correction Officer ("CO") Nedzad Dapcevic ("Dapcevic"), CO Antonio Alban ("Alban"), and CO Brian Sturtevent ("Sturtevent") (collectively, "Defendants"), respectfully submit this reply memorandum of law in further support of their motion for summary judgment. For the reasons discussed below, Plaintiff's opposition, (see Pl.'s Mem. of Law in Opp'n to Defs.' Mot. for Summ. J. ("Pl.'s Mem.")), is insufficient to defeat Defendants' motion.

First, Plaintiff's failure to oppose—or even mention—Defendants' arguments regarding Plaintiff's claims concerning the slashing and the excessive force claims against Alban and Sturtevent, deem those claims abandoned. Second, Plaintiff's opposition fails to rebut Defendants' arguments in support of their motion for summary judgment on the remaining claims. Specifically, (a) Plaintiff improperly relies upon a misleading view of Dapcevic's deposition testimony and attempts to downplay undisputed facts that show that he was clearly an immediate threat to Reyes' life and safety; (b) Plaintiff ignores the consequences that—under his version of events—flowed from Reyes' attack upon Alban, and his conclusory assertions that Defendants should have known that he and Reyes would fight each other afterward, and notation of slight inconsistencies in Defendants' prior statements, are simply insufficient to meet his burden of proof as a matter of law; and (c) Plaintiff's argument that Alban and Sturtevent should have intervened in Dapcevic's use of force because they were nearby, is flatly contradicted by his admission that the officers did not see Dapcevic use any force. Finally, Plaintiff's opposition to Defendants' qualified immunity

---

[1] The 56.1 Statement Plaintiff "revised" and produced with his opposition alters evidence previously cited in the original 56.1. For example, Plaintiff's response to paragraphs 5 and 22 omits citations and his response to paragraph 22 adds a new citation (document Bates-stamped Defendants 597-600). Defendants therefore respectfully request that the Court utilize the version of the 56.1 statement that Defendants have provided. Defendants also note that they have included a reply declaration of counsel in further support of their motion for summary judgment, (see Reply Decl. of Deanna L. Collins in Further Supp. of Defs.' Mot. for Summ. J.), in order to provide the Court with materials Defendants cite in response to Plaintiff's statement of "Additional Material Facts" and which have not otherwise been provided to the Court by counsel for either party in their respective declarations.

alternative argument fails for the same reasons as his opposition to Defendants' other arguments.

Accordingly, for the reasons discussed below and in Defendants' moving brief ("Defs.' Mem."), Defendants' motion should be granted in its entirety.

# ARGUMENT

## POINT I
### PLAINTIFF'S OPPOSITION FAILS TO ADDRESS DEFENDANTS' ARGUMENTS ON THE FAILURE TO PROTECT CLAIM ABOUT PLAINTIFF GETTING SLASHED, AND THE EXCESSIVE FORCE CLAIM ABOUT FORCE USED BY ALBAN AND STURTEVENT AGAINST PLAINTIFF

Plaintiff's opposition fails to respond to, or even mention, Defendants' arguments that summary judgment should be granted on: 1) Plaintiff's failure to protect claim against all Defendants for allegedly failing to protect him from getting slashed by another inmate, (see Defs.' Mem. at 17-20), and 2) Plaintiff's excessive force claim against Alban and Sturtevent for the force that they allegedly used upon Plaintiff, (see id. at 15). Accordingly, the Court should deem those claims abandoned and grant summary judgment for Defendants. See, e.g., Marache v. Akzo Nobel Coatings, Inc., No. 08-cv-11049, 2010 WL 908467, at *15 (S.D.N.Y. Mar. 12, 2010) (Rep. & Recommendation), adopted by 2010 WL 3731124 (S.D.N.Y. Sept. 7, 2010) (and collecting cases); c.f. Jackson v. Fed. Exp., 766 F.3d 189, 198 (2d Cir. 2014) (court may "infer from a party's partial opposition [to a motion for summary judgment] that relevant claims or defenses that are not defended have been abandoned").

## POINT II
### PLAINTIFF FAILS TO REBUT DEFENDANTS' ARGUMENTS THAT SUMMARY JUDGMENT MUST BE GRANTED ON THE REMAINING CLAIMS OR THAT, IN THE ALTERNATIVE, THEY ARE ENTITLED TO QUALIFIED IMMUNITY

**A. Plaintiff Fails To Rebut Defendants' Argument That Summary Judgement Is Warranted On The Excessive Force Claim Against Dapcevic**

Plaintiff fails to rebut Defendants' argument that summary judgment is warranted on

2

Plaintiff's excessive force claim against Dapcevic. Indeed, the undisputed evidence and Plaintiff's version of events make clear that Dapcevic's force was objectively reasonable.

Plaintiff's opposition relies heavily on Dapcevic's deposition testimony, which Plaintiff asserts contains testimony that Dapcevic would not find a strike to Plaintiff's head with a baton to be reasonable. (See Pl.s' Mem. at 12-17.) However, Plaintiff distorts Dapcevic's testimony. In fact, Dapcevic testified that it would not have been reasonable to strike Plaintiff in the head with a baton under the circumstances that Dapcevic testified Dapcevic was presented with. Specifically, Dapcevic testified that he asked Plaintiff if Plaintiff was okay after Dapcevic noticed Plaintiff with blood on his face, but Plaintiff did not answer and, instead, walked toward other inmates, including Reyes. Dapcevic did not actually observe any cuts or wounds on Plaintiff. Plaintiff then knocked Reyes to the ground and hit Reyes repeatedly in the head with a rock while ignoring officers' direct orders to stop. Only after numerous orders to stop fighting were given did Plaintiff then get off of Reyes. As soon as Plaintiff stood, he moved around in multiple directions, including toward Dapcevic, while continuing to hold the rock/weapon that he had just hit Reyes with. Plaintiff continued to ignore multiple orders by Dapcevic to drop the rock/weapon from his hand and get onto the ground. Dapcevic then struck Plaintiff twice with a baton on Plaintiff's right shoulder because Plaintiff was not obeying verbal orders. Plaintiff immediately dropped the rock, voluntarily got onto the ground, and was restrained. Dapcevic testified it would not have been reasonable to strike Plaintiff intentionally on the head with a baton under these specific circumstances, not the scenario Plaintiff portrays. (See Dapcevic Decl. ¶¶ 10-13; Dapcevic Dep. Tr. 82:4-21, 83:13—95:25, 97:10-18, 99:13—100:18:20 (attached to Vernée C. Pelage ("Pelage Decl.") at Ex. 13).)

Dapcevic was not asked, and therefore did not testify, whether a baton strike to the head

3

would be reasonable in a situation in which an inmate was, as Plaintiff testified that he was, on top of another inmate, repeatedly punching the inmate in the head with a rock/weapon, and that he admittedly only stopped fighting the other inmate because he was struck with a baton. (See 56.1 ¶ 23; Pl.'s Dep. Tr. 90:14—91:11, 92:18—93:23, 94:6-22, 105:17-21, 107:19—108:2 (attached to Collins Decl. at Ex. C); see also Defs.' Mem. at 8-9 & n.9.)[2]

Indeed, Plaintiff does not dispute that he attacked Reyes with an object capable of causing serious physical injury or death. That he, instead, attempts to downplay this fact by arguing that Reyes' medical examination showed that Reyes was lucky and his injuries were—in Plaintiff's estimation—not serious, (see Pl.'s Mem. 15), does not change the fact that an officer's judgment of what amount of force is necessary is a split-second decision to be made under rapidly evolving and uncertain circumstances, such as what occurred here, see Tracy v. Freshwater, 623 F.3d 90, 96 (2d Cir. 2010) (citing Jones v. Parmley, 465 F.3d 46, 61 (2d Cir. 2006)); see also Collado v. City of New York, No. 11-cv-9041, 2017 WL 4533772, at *2 (S.D.N.Y. Sept. 27, 2017) (citations omitted) (reasonableness of force used is to be "judged from the perspective from a reasonable officer on the scene at the time of the incident, rather than with the 20/20 vision of hindsight"). Additionally, although Plaintiff argues that the force he used against Reyes was not as severe as that used by the inmate in Ford v. Phillips, No. 05-cv-6646, 2007 WL 946703 (S.D.N.Y. Mar. 27, 2007), (see Pl.'s Mem. at 17), Plaintiff does not dispute that the circumstances required immediate reaction by Dapcevic. Importantly, under Plaintiff's version of events, Plaintiff was still actively striking Reyes multiple times in the head with a rock, and therefore still clearly posed an immediate threat to him. C.f. Bah v. City of New York, 319 F. Supp. 3d 698, 710-11 (S.D.N.Y. 2018) (deadly

---

[2] Plaintiff does not appear to dispute the legal point made in the moving brief that even where the parties' version of events differ, summary judgment for defendant is proper if accepting the plaintiff's version as true, no triable material issues are presented. (See Defs.' Mem. at 11-12, 13-15.)

4

force would not be justified "after [individual] ceased posing a threat," even though individual "engaged in some form of threatening conduct in the moments before the [force]" was used).

Plaintiff also attempts to circumvent these critical details by conflating how Plaintiff appeared—that is, bloody and possibly in a daze when Defendants first noticed him—with his acts of violence against Reyes that occurred thereafter. (See Pl.'s Mem. at 15-16.) Clearly, even an individual who is injured can inflict deadly force upon another, and Plaintiff cites to no authority that holds that such an individual cannot be considered dangerous or threatening as a matter of law.[3] Indeed, that Plaintiff had blood on him, regardless of whether its source was his own wounds or someone else's, does not negate the fact that he was admittedly striking another and that, under his version of events, he only stopped doing so after being struck with a baton. Moreover, how Plaintiff appeared to Alban does not mean that Dapcevic considered Plaintiff to be in the same condition. (See Pl.'s Mem. at 16 (citing Alban's deposition testimony).)

Accordingly, Defendants' motion for summary judgment must be granted.

### B. Plaintiff Fails To Rebut Defendants' Arguments That Summary Judgement Is Warranted On The Failure To Protect Claims

Plaintiff fails to rebut Defendants' arguments that summary judgment is warranted on his failure to protect claims against Defendants for allegedly failing to protect Plaintiff from fighting Reyes, and against Alban and Sturtevent for allegedly failing to protect Plaintiff from Dapcevic's use of force.

Plaintiff's repeated assertion (Pl.'s Mem. at 21-22) that a reasonable jury could find that Defendants had "constructive knowledge" or "should have" been aware of particular facts belies an erroneous standard. Under the Eighth Amendment, Plaintiff must prove Defendants' subjective deliberate indifference, which requires actual awareness of the risk alleged. "[A] prison official

---

[3] Notably, it has never been determined whether Reyes was the person who slashed Plaintiff with the razor-like object.

5

cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "This mental state requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result." Salahuddin v. Goord, 467 F.3d 263, 280 (2d Cir. 2006). The Eighth Amendment "mental-state inquiry does not include an objective-reasonableness test." Id., at 282.

Addressing Plaintiff's specific claims, first, with respect to the failure to protect claim concerning the fight with Reyes, Plaintiff conclusory asserts that Defendants "had actual or constructive knowledge that their failure to separate the inmates would lead to additional injury to Plaintiff" and therefore "should have gathered that a fight was going to occur," (Pl.'s Mem. at 21), which is the very objective standard Eighth Amendment jurisprudence rejects. In any event, Plaintiff's reference to Alban's perception that Plaintiff was bleeding, holding an object, and screaming that "someone" had done "something" to him, is insufficient to provide all Defendants, including Alban, with notice that a fight would occur between two inmates afterwards. (Id.); see also Major League Baseball Props., Inc. v. Salvino, Inc., 542 F.3d 290, 310 (2d Cir. 2008) (cannot "show the existence of a genuine issue of fact to be tried merely by making assertions that are conclusory or based on speculation"). Indeed, Alban testified at his deposition that he did not know what Plaintiff was talking about or what had happened when he first observed Plaintiff. (Alban Dep. Tr. 23:21—24:3 (attached to Pelage Decl. at Ex. 7).) This insufficiency is particularly evident where, as Plaintiff maintains, Reyes then grabbed a hold of Alban and "threw him around like a ragdoll." (See Defs.' Mem. at 20-22.) At that moment then, the only reasonable inference the officers "should have gathered" was that one or more inmates would attack the officers. From there, as discussed in Defendants' moving brief, it was then reasonable for another officer to grab

6

Alban and pull him away from Reyes' grasp, and for all Defendants to step away in order to get away from the danger posed to them. Further, Plaintiff's reference to Dapcevic's declaration does not indicate that Dapcevic would know that a fight would occur at the time that the officers, under Plaintiff's version of events, had "semi-surrounded" Plaintiff. (See Defs.' Mem. at 21.) Moreover, Plaintiff's attempt to show slight inconsistencies in Defendants' prior statements does not provide any affirmative evidence that is required for him to meet his burden and establish the necessary element of his failure to intervene claim, to wit, that Defendants had a reasonable opportunity to intervene. (See Pl.'s Mem. at 21-22); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ("[T]he determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case. This is true at both the directed verdict and summary judgment stages."); Tenay v. Culinary Teachers Ass'n of Hyde Park, 281 F. App'x 11, 13 (2d Cir. 2008) (summ. order) (quoting Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988)) ("under Fed. R. Civ. P. 56, . . . 'the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions'"); id. (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)) ("the plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"); Metito (Overseas) Ltd. v. Gen. Elec. Co., No. 05-cv-9478, 2009 WL 399221, at *8 (S.D.N.Y. Feb. 18, 2009) (quoting McMillian v. Johnson, 88 F.3d 1573, 1584 (11th Cir. 1996), aff'd sub nom. 520 U.S. 781 (1997)) ("'impeachment evidence is not substantive evidence of the truth of the statements' and . . . 'therefore may not be used to create a genuine issue of material fact for trial'").

Notably, Plaintiff does not dispute the thrust of Defendants' argument that there is no

7

constitutional requirement that an officer act as a superhero and put their own safety at risk to protect an inmate. Instead, Plaintiff argues that Defendants were in no real risk of harm because Plaintiff and Reyes had not yet begun to fight. (See Pl.'s Mem. at 23.) This is nonsensical. As discussed above and in Defendants' moving brief, under Plaintiff's version of events, Officer Alban had been grabbed by an inmate and thrown around; clearly the risk of harm to the officers was imminent. Additionally, to the extent Plaintiff maintains that there were three or four more officers, in addition to Defendants, in the Yard at that time, (see Pl.'s Mem. at 23 & n.12), even accepting this assertion as true for purposes of summary judgment, does not save Plaintiff's claim. Indeed, even a total of six to seven officers, as compared to the 400-600 inmates that Plaintiff testified were in the Yard, left the officers radically outnumbered. (See 56.1 ¶ 10; Pl.'s Dep. Tr. 102:4-9.) Given that Alban had just been assaulted by one inmate without warning, it was reasonable that Defendants would seek to protect themselves from any further incident. (See Defs.' Mem. at 21-22 and cases cited therein); see also, e.g., Hong v. Liburd, No. 18-cv-7201, 2021 WL 1062611 (S.D.N.Y. Mar. 18, 2021) (granting summary judgment on deliberate indifference to safety claim where "no reasonable juror could conclude that Defendants were deliberately indifferent when protecting themselves by standing out of reach" after inmate threatened to, and then did, assault two corrections officers with feces and unknown liquid substances).

In essence, Plaintiff seeks to hold Defendants liable for "fail[ing] to protect him[self] from his own violent tendencies" in asserting that Defendants should have had the psychic intuition to know that Plaintiff would thereafter attack Reyes with a rock. Louis-Charles v. Courtwright, No. 11-cv-147, 2014 WL 457951, at *6 (N.D.N.Y. Feb. 4, 2014) (emphasis added). However, "an inmate's own violent tendencies are not the type of 'substantial risk of serious harm' protected by the Constitution." Id. (quoting Johnson v. Juvera, No. 12-cv-539, 2013 WL 5722807, at *4 (D.

8

Ariz. Oct. 22, 2013) and collecting other cases). Indeed, after Plaintiff was slashed, he voluntarily chose to either select Reyes as his target for retribution purposes, or otherwise continue the confrontation with Reyes (if Reyes was, in fact, Plaintiff's assailant) rather than seek help. (See Pl.'s Dep. Tr. 34:16—37:6 (admitting at 36:15-16 that "I engaged [Reyes] into a fight" and at 36:17-19 that "I went after [Reyes], got him down on the ground, you know, exchanged blows with him"), 102:17—103:23 (admitting he did not inform the officers he had been cut); 56.1 ¶ 20 Resp. (admitting he was "pursing Reyes").)

Second, Plaintiff argues only that Defendants' motion on the failure to protect claim against Alban and Sturtevent for allegedly failing to protect Plaintiff from Dapcevic's use of the baton should be denied because, by his account, a jury could determine that Alban and Sturtevent were in the vicinity of Plaintiff and Dapcevic and therefore could have intervened. (See Pl.'s Mem. at 17-19.) Yet Plaintiff himself admitted, in his own "Additional Material Facts," that "[n]o officer observed Officer Dapcevic strike Plaintiff, with his baton or otherwise," which Defendants do not dispute. (56.1 ¶ 36 (citations omitted).) It is therefore entirely unreasonable for Plaintiff to argue that Alban or Sturtevent, without any knowledge that any force was being used by Dapcevic, should have stopped that force from occurring. See Universal Calvary Church v. City of New York, Nos. 96-cv-4606, 99-cv-9228, 99-cv-9227, 99-cv-12193, 99-cv-12236, 99-cv-12247, 99-cv-9230, 2000 WL 1538019, at *9 (S.D.N.Y. Oct. 17, 2000); (see also Defs.' Mem. at 22-23). Finally, addressing Plaintiff's contention that the jury may not believe Alban and Sturtevant's assertions that they did not see Dapcevic strike Plaintiff, the party seeking to avoid summary judgment "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993). Accordingly, Defendants' motion for summary judgment must be granted.

9

### C. Plaintiff Fails To Rebut Defendants' Argument Regarding Qualified Immunity

Plaintiff's argument in opposition to Defendants' motion based on qualified immunity is similarly deficient. (See Pl.'s Mem. at 23-25.) Again, he maintains the doctrine does not apply to Dapcevic based on Dapcevic's deposition testimony. However, as discussed supra, Dapcevic's testimony was based on the circumstances as he observed them—not on Plaintiff's version of the facts, which is what Defendants ask this Court to consider in determining this motion. And under Plaintiff's version of the facts—in which he was admittedly using a rock/weapon repeatedly to strike a man in the head with as that man lay on the ground—it is clear that, at a minimum, reasonable officers may disagree as to the extent of force necessary to protect that individual from serious physical injury or death, particularly under such rapidly-evolving circumstances. See Tennessee v. Garner, 471 U.S. 1, 11-12 (1995) (officer may use deadly force where there is "probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others"). Plaintiff's citation to Bonilla v. Brancato, No. 99-cv-10657, 2002 WL 31093614, at *8 (S.D.N.Y. Sept. 18, 2002), does not demand a different result, as any material facts in dispute would be resolved in Plaintiff's favor for purposes of this motion. The same is true with respect to the failure to protect claim: again, under Plaintiff's version of events, a reasonable officer could believe it justified that Defendants, at least momentarily, moved out of the way after an inmate suddenly grabbed Alban and threw him around, where they were significantly outnumbered by inmates and did not know what circumstances occurred before that assault.

Accordingly, Defendants' motion for summary judgment must be granted.

### CONCLUSION

For the reasons set forth above and in their moving brief, Defendants respectfully request that this Court grant their motion in its entirety and dismiss the matter with prejudice.

Dated: Westchester County, NY
       May 14, 2021

                                        Respectfully submitted,

                                        LETITIA JAMES
                                        Attorney General
                                        State of New York

                                        By:
                                        */s/ Deanna L. Collins*
                                        Deanna L. Collins
                                        Assistant Attorney General
                                        28 Liberty Street - 18th Floor
                                        New York, NY 10005
                                        (212) 416-8906
                                        Deanna.Collins@ag.ny.gov