UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM CONSTANT,

                                        Plaintiff,

-against-

NEDZAD DAPCEVIC, ANTONIO ALBAN,
and BRIAN STURTEVENT,

                                        Defendants.

**SECOND PROPOSED
JOINT PRE-TRIAL ORDER**

16 Civ. 03985 (PMH)

The parties, through their respective attorneys, hereby submit the following as their Joint Pretrial Order:

**I.    The full caption of the action.**

The caption of the action is set forth above.

**II.    The amount of trial time that each party anticipates needing for their case in chief.**

The parties anticipate a three-day trial, as directed by the Court.

**III.    The names, addresses (including firm names), email addresses, and telephone and fax numbers of trial counsel.**

For Plaintiff:

    Steven C. Stern
    Daniel Axelrod
    SOKOLOFF STERN LLP
    179 Westbury Avenue
    Carle Place, New York 11514
    Phone: (516) 334-4500
    Fax: (516) 334-4501
    Email: sstern@sokoloffstern.com
            daxelrod@sokoloffstern.com

For Defendants:

Andrew Blancato, Asst. Attorney General
Amanda Yoon, Asst. Attorney General
LETITIA JAMES
ATTORNEY GENERAL OF THE STATE OF NEW YORK
28 Liberty Street
New York, New York 10005
Phone: (212) 416-8654/8606
Fax: (212) 416-6009
Email: Andrew.Blancato@ag.ny.gov
       Amanda.Yoon@ag.ny.gov

**IV.  A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.**

The remaining claims to be tried are plaintiff's claims under 42 U.S.C. § 1983 for excessive force, failure to intervene, and failure to protect, in violation of the Eighth Amendment to the United States Constitution. This Court has original subject matter jurisdiction over these claims under 28 U.S.C. § 1331.

For the purposes of this trial, defendants do not dispute subject-matter jurisdiction.

**V.  A brief summary by each party of the claims and defenses that party has asserted that remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. The parties shall also identify all claims and defenses previously asserted that are not to be tried.**

The following claims remain to be tried regarding the incident dated May 27, 2013:

a. Plaintiff's Eighth Amendment claim for excessive force against Nedzad Dapcevic, pursuant to 42 U.S.C. § 1983;

b. Plaintiff's Eighth Amendment claim against Antonio Alban and Brian Sturtevant for failure to intervene to prevent the use of excessive force by Dapcevic, pursuant to 42 U.S.C. § 1983; and

   c. Plaintiff's Eighth Amendment claim against Dapcevic, Alban, and Sturtevant, for failing to protect him from further attack and injury after the initial slashing incident, pursuant to 42 U.S.C. § 1983.

The following claims were previously asserted but are not to be tried:

   a. Plaintiff's Fourteenth Amendment due process claims against William Lee and Albert Prack, which were dismissed by the Opinion & Orders of Judge Nelson S. Román, dated April 5, 2018, and July 19, 2019;

   b. Plaintiff's Eighth Amendment deliberate indifference claim against William Lee, which was dismissed by the Opinion & Order of Judge Nelson S. Román, dated July 19, 2019;

   c. Plaintiff's Eighth Amendment deliberate indifference to medical needs claims against Frederick Bernstein, Robert Bentivegna, and William Lee, which were dismissed by the Opinion & Order of Judge Nelson S. Román, dated July 19, 2019;

   d. Plaintiff's Eighth Amendment conditions of confinement claims against Lee, Prack, and the "John and Jane Doe" defendants, which were dismissed by the Opinion & Order of Judge Nelson S. Román, dated July 19, 2019;

   e. Plaintiff's various claims against Jonathan Markwick, Bryan Hess, Michael Vennero, and Ronald Cabral, which were dismissed by Stipulation and Order of Dismissal, dated March 22, 2021.

   f. Plaintiff's various claims against "John and Jane Does 1-20," which were dismissed by Memorandum Opinion and Order, dated March 29, 2022, of Judge Philip M. Halpern;

   g. Plaintiff's Eighth Amendment claims against Dapcevic, Alban, and Sturtevant for failing to prevent the initial slashing assault, which was dismissed by Memorandum Opinion and Order, dated March 29, 2022, of Judge Philip M. Halpern.

Defendants' Statement:

    Defendants agree with plaintiff's description of the claims to be tried and not to be tried, but emphasize that the Court has granted summary judgment as to the first altercation between plaintiff and another incarcerated individual on May 27, 2013, and that only the second altercation is subject to be tried, but the jury will have to hear testimony regarding the first instance since Defendants contend that the injuries were caused in the first altercation by the incarcerated individual with whom Plaintiff fought.

        Defendants assert the following defenses:

    a.    Defendants deny all claims on the merits.

    b.    Defendants have qualified immunity in that it was objectively reasonable for them to believe as to each claim that their conduct did not violate clearly established law. Defendants' entitlement to qualified immunity is an issue of law to be decided by the Court based upon the facts found by the jury. Unless otherwise directed by the Court, the parties will prepare proposed special interrogatories for the jury prior to the charge conference. *See Cowan v. Breen*, 352 F.3d 756, 764-65, n.8 (2d Cir. 2003) (discussing use of special interrogatories in qualified immunity context).

**VI.  A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.**

This case is to be tried by a jury in three days, as directed by the Court.

**VII.  A statement as to whether all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).**

The parties have not consented to trial before a Magistrate Judge.

**VIII.  Any stipulations or agreed statements of fact or law.**

The parties stipulate that Correction Officer Jonathan Markwick escorted the Plaintiff, William Constant, on the date in question from the E and F yard to the emergency room within the infirmary of Green Haven Correctional Facility.

**IX.  A list of the witnesses each party expects to call on its case in chief, including a very brief description of the witness's role and/or the subject matter of his or her anticipated testimony, the amount of court time needed for each witness, and a statement as to whether any other party objects to the witness.**

PLAINTIFFF'S WITNESSES:

A. Plaintiff William Constant is expected to testify about his involvement in the events that occurred on May 27, 2013, and the injuries he sustained as a result of Defendants' failure to protect him, failure to intervene to prevent the use of excessive force, and the use of excessive force itself. (1 hour)

B. Defendant Nedzad Dapcevic is a correction officer who is expected to testify about his training on the use of force and his involvement in the incident that occurred on May 27, 2013, including witnessing plaintiff's significant physical injuries from having been cut by another inmate; plaintiff's interactions with the inmate who had cut him; the

4

actions of the correction officers; and his use of force against Plaintiff by striking him with his wooden baton. (1 hour)

C. Defendant Brian Sturtevant is a correction officer who is expected to testify about his training on the use of force and involvement in the events that occurred on May 27, 2013, including witnessing plaintiff's significant physical injuries from having been cut by another inmate; plaintiff's interactions with the inmate who had cut him; the actions of the correction officers; and defendant Dapcevic hitting Plaintiff with a wooden baton. (1 hour)

D. Defendant Antonio Alban is a correction officer who is expected to testify about his training on the use of force and his involvement in the events that occurred on May 27, 2013, including witnessing plaintiff's significant physical injuries from having been cut by another inmate; plaintiff's interactions with the inmate who had cut him; the actions of the correction officers; and defendant Dapcevic hitting Plaintiff with a wooden baton. (1 hour)

E. Michael Hurley was an inmate who is expected to testify about his observations of the events that occurred on May 27, 2013, including witnessing an inmate attack plaintiff from behind and cut his face; the interactions between plaintiff and that inmate and correction officers; that plaintiff did not act aggressively towards any correction officer; and that a correction officer struck plaintiff in the head with his baton. (30 minutes)

F. Davon Gwin was an inmate who is expected to testify about his observations of the events that occurred on May 27, 2013, including inmate Reyes grabbing and holding a correction officer; Reyes' aggressive actions towards plaintiff; that plaintiff did not threaten any officer; and that a correction officer hit plaintiff in the head with a baton. (30 minutes)

G. Joseph Foster was an inmate who is expected to testify about his observations of the events that occurred on May 27, 2013, including Reyes' and the correction officers' actions towards plaintiff; that plaintiff did not threaten any correction officer; and the correction officers' use of excessive force towards plaintiff after he was separated from Reyes. (30 minutes)

H. Michael Vennero is a correction officer who is expected to testify about what he observed from the east roof on May 27, 2013, including that plaintiff did not advance toward any officer, his training, his role, the use of video cameras to record incidents, and the failure to do so that day. (30 minutes)

I. David Lindemann, RN is expected to testify about the injuries plaintiff sustained on the date of the incident, including the laceration on his head and the fact that he did not sustain any injury to his shoulder. (20 minutes)

5

    J.    Robert Bentivegna, M.D. is expected to testify about the injuries plaintiff sustained on the date of the incident, and plaintiff's medical complaints, such as headaches, vertigo, dizziness, and vision changes on an ongoing basis thereafter. (1 hour)

    K.    Robert Duarte, M.D. is expected to testify consistent with his expert report, including that Plaintiff's injuries and symptoms were most likely caused by a blunt head injury and that a blow by a blunt head object can produce a scalp laceration consistent with the one plaintiff sustained during the incident. (15 minutes)

DEFENDANTS' WITNESSES:

    A.    Correction Officer ("CO") Nedzad Dapcevic—A defendant, will testify as to his role in the incident and what he witnessed. (1 hour)

    B.    CO Antonio Alban—A defendant, will testify as to his role in the incident and what he witnessed. (1 hour)

    C.    CO Brian Sturtevent—A defendant, will testify as to his role in the incident and what he witnessed. (1 hour)

    D.    CO Michael Vennero—Witnessed the incident from the roof. (30 minutes)

    E.    David Lindemann, RN—Plaintiff's medical condition, examination, and treatment immediately following the incident, first responder. (20 minutes)

    F.    Dr. Robert Bentivegna—Rule 26(a)(2)(C) expert on plaintiff's medical condition, examinations, and treatment provided. (1 hour)

    G.    Former Deputy Superintendent Edward R. Burnett—Rule 26(a)(2)(C) expert on DOCCS policies and procedures regarding, and officer training with respect to: the use of physical force, including in which situations and to what degree such force, including the use of batons, is authorized and necessary; contraband, including weapons; the supervision of inmates, including in the Green Haven E&F Yard; and responding to inmates engaging in fights or violence. (30 minutes)

    H.    Dr. Gregory Mazarin—Retained medical expert (emergency medicine), will testify that, in his medical opinion, none of plaintiff's head lacerations or trauma were caused by a blunt object, and any other symptoms were caused by the fight with the other incarcerated individual. (30 minutes)

**X.    A page and line designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.**

To the extent the following non-party witnesses are unavailable for trial, Plaintiff intends to read from their transcripts.

Deposition of Davon Gwin, dated March 16, 2020

| From Page | From Line | To Page | To Line | Objections | Cross-Designations |
|---|---|---|---|---|---|
| 9 | 5 | 9 | 11 | | |
| 9 | 23 | 13 | 4 | | |
| 14 | 4 | 16 | 22 | P. 16, L. 16-17 "I honestly think it was excessive force, man." | PP. 16 – 17, L. 25 – 9; |
| 18 | 14 | 19 | 7 | P. 18 – 19, L 17 – 7, speculative, non-responsive, irrelevant. | |
| 19 | 16 | 22 | 10 | | |
| 25 | 12 | 27 | 9 | | |
| 28 | 21 | 29 | 4 | | |
| 30 | 9 | 30 | 21 | | |
| 31 | 9 | 32 | 7 | | P. 32, L. 8 – 18. |
| 44 | 4 | 44 | 21 | | |

Deposition of Joseph Foster, dated March 16, 2020

| From Page | From Line | To Page | To Line | Objections | Cross-Designations |
|---|---|---|---|---|---|
| 8 | 18 | 10 | 14 | | |
| 12 | 10 | 12 | 24 | | |
| 21 | 17 | 22 | 15 | | |
| 27 | 9 | 27 | 11 | | |

To the extent that a witness is not declared unavailable pursuant to Federal Rules of Evidence 804, Defendants will object to deposition testimony.

**XI.    A list by each party of exhibits to be offered in its case in chief, with a notation indicating the basis for admissibility of each exhibit with citation to the Fed. R. Evid., as well as a notation indicating exhibits to which there is an objection and the basis therefor. The failure to include a notation and basis may be deemed a waiver of any objection.**

PLAINTIFF'S EXHIBITS:

| Description | Defendant's Objections |
|---|---|
| | |

| | |
|---|---|
| 1. Photos of Plaintiff's injuries, dated May 27, 2013 [Photos 1–13, marked as Def's Deposition Exhibit B] | |
| 2. E&F Yard logbook entry, dated May 27, 2013 [DEFENDANTS 2322] | |
| 3. Green Haven Use of Force Report, dated May 27, 2013 and June 19, 2013 [DEFENDANTS 0603–05] (Rule 613) | |
| 4. Inmate Misbehavior Report signed by Officer Dapcevic, dated May 27, 2013 [DEFENDANTS 0635] (Rule 613) | |
| 5. Memorandum from Officer Dapcevic to Sgt. Rodriguez, dated October 19, 2014 [DEFENDANTS 0075] (Rule 613) | |
| 6. Memorandum from Officer Dapcevic to Supt. Lee, dated May 27, 2013 [DEFENDANTS 0014] (Rule 613) | |
| 7. Report of interview of Officer Dapcevic by Investigator Felix Cotto, dated January 31, 2014 [DEFENDANTS 0703–04] (Rules 613, 803(6), (8)) | Hearsay account of Dapcevic's statement. R. 802, 805. |
| 8. Injury to Inmate Report, dated May 27, 2013 [DEFENDANTS 0606] (Rule 613) | |
| 9. Use of Force Section from Defendant's Employee Manual [DEFENDANTS 2328–29] | |
| 10. Google Earth or similar photo of Green Haven Correctional Facility, Yards E & F | |
| 11. Photos of the E & F Yard [DEFENDANTS 0794] | |
| 12. Plaintiff's DOCCS medical records (excerpts) D 1251, 1253, 1254, 1257, 1259, 1260-1268, 1270, 1272, 1274, 1275, 1296, 1298-1299, 1302-1303, 1305-1306, 1316-1319, 1321, 1323-1332, 1335, 1339-1340, 1342-1344, 1346, 1347, 1349-1359, 1555-1556, 1558, 1560-1566, 1568, 1573, 1574-1575, 1578-1579, 1581-1582, 1585, 1586, 1587 1588-1589, 1619, 1621, 1627, 1631-1632, 1705, 1707,1713, 1782-1783, 1804, 1854-1855, 1857-1859, 1860-1872, 1874- 1875, 1877, 1884-1885, 1889, 1892-1904, 1906-1908, 1921, 1923,1930, 1935-1936, 1937, 1944-1945, 1953-1956, 1969-1971, 2008, 2045, 2048, 2054, 2064-2065, 2067, 2073, 2077, 2078, 2079, WC01448, WC01523 | Defendants object to the admission of specific pages based on relevance, prejudice, cumulativeness, and hearsay. R. 401, 403, 802 |
| 13. Plaintiff's Mid-Hudson Regional Hospital (St. Francis) medical records (DEFENDANTS 2524 – 2601) | |

DEFENDANTS' EXHIBITS

| Description | Plaintiff's Objections |
|---|---|
| A - Dapcevic Misbehavior Report against plaintiff, 5/27/13 (D 2176) (eyewitness report of incident, Rule 803(8)) | |
| B - Plaintiff refusal of protective custody, 6/9/13 (D 24) (statement against interest, Rule 801(d)(2)) | Relevancy Fed. R. Evid. 401–403. The exhibit post-dates the incident. |

| | |
|---|---|
| C - Cabral SJ Dec. Ex. A, aerial photograph of Green Haven Correctional Facility (general overview of the site of the incident) | |
| D - Photographs of E & F yard (D 794) (site of incident) | |
| E - 11 color photographs of plaintiff, 5/27/13 (plus 2 x cover card) (D 795, 800-805) (photos of plaintiff's injuries) | |
| F - 2 photographs of rock on ground, 5/27/13 (D 797) (rock possessed by plaintiff) | Authentication Fed. R. Evid. 901 |
| G - 2 photographs of rock with ruler, 5/27/13 (plus cover card) (D 798-799) (rock possessed by plaintiff) | Authentication Fed. R. Evid. 901 |
| H - Alban to Constant, contraband receipt for rock, 5/27/13 (D 2177) (documentation of weapon possessed by plaintiff) | |
| I - Inmate Injury Report, May 27, 2013 (D 2208) (medical treatment of plaintiff, Rules 803(6), (8)) | |
| J - DOCCS Medical Records (excerpts) (overall medical treatment of plaintiff, Rule 803(6)) (D 1258,1269,1271-73,1297,1304,1344, 1336-38, 1341, 1345, 1348, 1565, 1570, 1576-77, 1587,1620, 1710-12, 1805-08, 1878-84, 1909-1923, 2051, 2057, 2062, 2066, 2078) | Plaintiff objects to the admission of specific pages based on relevance, prejudice, cumulativeness, and hearsay. R. 401, 403, 802 |
| K - St. Francis Hosp. medical records, 5/28-30/13 (medical treatment of plaintiff, Rule 803(6)) (D 709, 715-716, 719-723, 746, 757, 760-761, 771-774) | |
| L- Westchester Medical Center records, 4/26-28/16 (medical treatment of plaintiff, Rule 803(6)) (WC 720-721) | |
| M - Mt. Kisco Medical Group records, 8/26/13 (WC 991-992) (medical treatment of plaintiff, Rule 803(6)) - | |
| N - Montefiore-Mt. Vernon Hospital, 7/12-13/16 (WC 2064-2077) (medical diagnostic of plaintiff, brain MRI, Rule 803(6)) | |
| O – Westchester Institute for Human Development, 4/10/14 (D 1876, 1878 – 1882) | |

XII.  **A statement of the relief sought, including damages claimed, itemizing each component or element of the damages sought with respect to each**

**claim, and including the manner and method used to calculate the claimed damages.**

Plaintiff seeks damages for physical injury and pain and suffering resulting from defendants' actions. This includes the injury, pain and suffering he experienced at the time he was being brutally hit in the head with a wooden baton by Officer Dapcevic, as well as the injuries, pain and suffering that resulted from the assault, which includes a concussion, severe chronic headaches, dizziness, vertigo, and vision changes. Plaintiff seeks $1 million dollars, plus attorneys' fees under 42 U.S.C. § 1988.

Defendants dispute generally that Plaintiff has sustained any damages as a direct or indirect consequence of their actions.

**XIII. A statement as to whether the parties consent to a less than unanimous verdict.**

The parties do not consent to a less than unanimous verdict.

Dated: White Plains, NY
October 7, 2022

SUBMITTED BY:

| SOKOLOFF STERN LLP | NY STATE OFFICE OF THE ATTORNEY GENERAL LETITIA JAMES |
|---|---|
| By: _Steven C. Stern (signature)_ | By: /s/ |
| Steven C. Stern | Andrew Blancato |
| Daniel Axelrod | Amanda Yoon |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| 179 Westbury Avenue | 28 Liberty Street, 18th Floor |
| Carle Place, NY 11514 | New York, NY 10005 |

SO ORDERED:

_____
Philip M. Halpern, USDJ